IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ENOCH WILDER, Inmate #B05398,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | CIVIL NO. 04-874-DRH |
| **RICK SUTTON, JULIUS FLAGG, MARK** ) | |
| **PIERSON, JOHN EVANS, MELODY** ) | |
| **FORD, and WATTS,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff, an inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or

in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Upon careful review of the complaint and any supporting exhibits, the Court finds that none of the claims in the complaint may be dismissed at this point in the litigation.

### FACTUAL ALLEGATIONS

Plaintiff states that he was transferred to Pinckneyville Correctional Center on January 10, 2003.  At the time of transfer, he identified himself as a practitioner of the Wiccan religion.  Plaintiff submitted "request slip after request slip" seeking a meeting with Defendant Sutton so that he might obtain the materials necessary for the practice of his religion.  Plaintiff informed Defendant Flagg, Assistant Warden of Programs, that Defendant Sutton had not responded to his requests.  Defendant Flagg told him to keep submitting requests. After a few more weeks of his requests being ignored, Plaintiff wrote an unspecified number of letters to Defendant Pierson, Chief Administrative Officer at Pinckneyville Correctional Center, informing him of his desire to practice his religion and Defendant Sutton's failure to respond to his requests.  Defendant Pierson did not respond in writing to Plaintiff's requests, but when Plaintiff saw him in person and asked him about his letters, Defendant Pierson told Plaintiff, "you must go through the Chaplaincy Department."

Because Plaintiff believed he had no other recourse, on November 19, 2003, he began filing grievances.  In response, he was informed that he needed to submit a documented list of necessary items to Defendant Sutton.  Plaintiff did so, but that request was also ignored.  Plaintiff later saw Defendant Sutton, asked about the requests, and was informed that "your religion is not allowed to be practiced at PCC."  Defendant Sutton also told Plaintiff that his request were being reviewed by Defendant Watts, Chief Chaplain of the Religions Practice Advisory Board in Springfield.  After "a long period of time elapsed" without response from either Defendant Sutton or Defendant Watts, Plaintiff wrote a letter to Defendant Watts personally, asking that he be allowed to practice his

religion. During this same time, Plaintiff was also seeking relief through the prison's grievance system. All grievances were denied for various reasons at the prison level and later by Defendant Evans and Defendant Ford at the Administrative Review Board.

Plaintiff argues that all defendants discriminated against him on the basis of his religion. He argues further that Defendant Sutton improperly denied him the opportunity to practice his religion, in violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act, in that he specifically denied Plaintiff access to the chapel, refused to allow him to purchase religious materials, and refused to acknowledge Wicca as a legitimate religion. Plaintiff further argues that the actions of Defendant Sutton constituted a violation of Illinois state law.

Plaintiff argues that Defendants Flagg, Pierson, Evans, Ford, and Watts were aware that Defendant Sutton was denying Plaintiff the right to practice his religion, but turned a blind eye to the constitutional violation and further, did nothing to prevent the denial of those constitutional guarantees. In addition, these Defendants violated Illinois law.

## LEGAL STANDARDS

It is well-established that "a prisoner is entitled to practice his religion insofar as doing so does not unduly burden the administration of the prison." *Hunafa v. Murphy,* 907 F.2d 46, 47 (7th Cir. 1990); *see Al-Alamin v. Gramley,* 926 F.2d 680, 686 and nn. 3-5 (7th Cir. 1991) (collecting cases). On the other hand, a prison regulation that impinges on an inmate's First Amendment rights is nevertheless valid "if it is reasonably related to legitimate penological interests." *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 349 (1987) (quoting *Turner v. Safley,* 482 U.S. 78, 89 (1987)). Such interests include inmate security and the proper allocation of limited prison resources. *See id.* at 348, 352-53; *Turner,* 482 U.S. at 90; *Al-Alamin,* 926 F.2d at 686. The Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1, "prohibits prisons that receive federal funding

from substantially burdening an inmate's religious exercise unless the step in question is the least restrictive way to advance a compelling state interest." *Borzych v. Frank*, 439 F.3d 388, 390 (7th Cir. 2006). Based on these legal standards and Plaintiff's allegations, his claim cannot be dismissed at this point in the litigation.

## SUMMARY AND CONCLUSION

Plaintiff is allowed to proceed against all defendants on his claims. Plaintiff has presented an argument that the defendants violated Illinois law. To the extent that Plaintiff is requesting that the Court exercise its supplemental jurisdiction over those related state law claims, that request is **GRANTED**. *See* 28 U.S.C. § 1367.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for ***Defendants Sutton, Flagg, Pierson, Evans, Ford, and Watts***. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on ***Defendants Sutton, Flagg, Pierson, Evans, Ford, and Watts*** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that

the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED: August 15, 2006**

/s/   David   RHerndon
**DISTRICT JUDGE**